**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, SONY ERICSSON MOBILE COMMUNICATIONS AB, and SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.,** | § § § § § § | |
| **Plaintiffs/Counterclaim Defendants,** | § § | |
| **v.** | § § | **Civil Action No. 2:06-CV-00063-TJW JURY DEMANDED** |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA LLP,** | § § § § § § | |
| **Defendants/Counterclaim Plaintiffs.** | § | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
OF SAMSUNG**

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLP (collectively "Samsung") hereby answer the allegations of the Complaint for Patent Infringement and Request for Declaratory Judgment ("Complaint") of Ericsson Inc., Telefonaktiebolaget LM Ericsson, Sony Ericsson Mobile Communications AB, and Sony Ericsson Mobile Communications (USA) Inc. (collectively "Ericsson") and assert counterclaims as follows:

## THE PARTIES

1. Samsung, on information and belief, admits the allegations contained in paragraph 1.

2. Samsung, on information and belief, admits the allegations contained in paragraph 2.

3. Samsung, on information and belief, admits the allegations contained in paragraph 3.

4. Samsung, on information and belief, admits the allegations contained in paragraph 4.

5. Samsung admits the allegations contained in paragraph 5.

6. Samsung denies the allegations contained in paragraph 6.

7. Samsung admits the allegations contained in paragraph 7.

## JURISDICTION AND VENUE

8. The allegations in paragraph 8 state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Samsung admits that the Complaint purports to assert an action under the patent laws of the United States and that the Court has subject matter jurisdiction over the purported action.  To the extent paragraph 8 contains any other or different allegations, Samsung denies them.

9. The allegations in paragraph 9 state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Samsung admits that the Complaint purports to assert venue is proper in this judicial district. Samsung does not contest venue in this jurisdiction.  To the extent paragraph 9 contains any other or different allegations, Samsung denies them.

## THE PATENTS

10. Samsung admits the allegations contained in paragraph 10.

11. Samsung admits the allegations contained in paragraph 11.

12. Samsung admits the allegations contained in paragraph 12.

13. Samsung admits the allegations contained in paragraph 13.

14. Samsung admits the allegations contained in paragraph 14.

15. Samsung admits the allegations contained in paragraph 15.

16.     Samsung admits the allegations contained in paragraph 16.

17.     Samsung admits the allegations contained in paragraph 17.

18.     Samsung admits the allegations contained in paragraph 18.

19.     Samsung admits the allegations contained in paragraph 19.

20.     Samsung admits the allegations contained in paragraph 20.

21.     Samsung admits the allegations contained in paragraph 21.

22.     Samsung admits the allegations contained in paragraph 22.

23.     Samsung admits the allegations contained in paragraph 23.

24.     Samsung admits the allegations contained in paragraph 24.

25.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and therefore denies those allegations.

## FACTUAL BACKGROUND

26.     Samsung denies the allegations contained in paragraph 26.

27.     Samsung denies the allegations contained in paragraph 27.

28.     Samsung denies the allegations contained in paragraph 28.

## COUNT I -- Ericsson's Claim For Patent Infringement For The '234 Patent

29.     Samsung repeats and incorporates by reference its answer to paragraphs 1-28 above.

30.     Samsung denies the allegations contained in paragraph 30.

31.     Samsung denies the allegations contained in paragraph 31.

## COUNT II -- Ericsson's Claim For Patent Infringement For The '071 Patent

32.     Samsung repeats and incorporates by reference its answer to paragraphs 1-31 above.

33.     Samsung denies the allegations contained in paragraph 33.

34.     Samsung denies the allegations contained in paragraph 34.

### COUNT III -- Ericsson's Claim For Patent Infringement For The '813 Patent

35.     Samsung repeats and incorporates by reference its answer to paragraphs 1-34 above.

36.     Samsung denies the allegations contained in paragraph 36.

37.     Samsung denies the allegations contained in paragraph 37.

### COUNT IV -- Ericsson's Claim For Patent Infringement For The '267 Patent

38.     Samsung repeats and incorporates by reference its answer to paragraphs 1-37 above.

39.     Samsung denies the allegations contained in paragraph 39.

40.     Samsung denies the allegations contained in paragraph 40.

### COUNT V -- Ericsson's Claim For Patent Infringement For The '241 Patent

41.     Samsung repeats and incorporates by reference its answer to paragraphs 1-40 above.

42.     Samsung denies the allegations contained in paragraph 42.

43.     Samsung denies the allegations contained in paragraph 43.

### COUNT VI -- Ericsson's Claim For Patent Infringement For The '359 Patent

44.     Samsung repeats and incorporates by reference its answer to paragraphs 1-43 above.

45.     Samsung denies the allegations contained in paragraph 45.

46.     Samsung denies the allegations contained in paragraph 46.

### COUNT VII -- Ericsson's Claim For Patent Infringement For The '125 Patent

47.     Samsung repeats and incorporates by reference its answer to paragraphs 1-46 above.

48.     Samsung denies the allegations contained in paragraph 48.

49.     Samsung denies the allegations contained in paragraph 49.

**COUNT VIII -- Ericsson's Claim For Patent Infringement For The '556 Patent**

50.     Samsung repeats and incorporates by reference its answer to paragraphs 1-49 above.

51.     Samsung denies the allegations contained in paragraph 51.

52.     Samsung denies the allegations contained in paragraph 52.

**COUNT IX -- Ericsson's Claim For Patent Infringement For The '506 Patent**

53.     Samsung repeats and incorporates by reference its answer to paragraphs 1-52 above.

54.     Samsung denies the allegations contained in paragraph 54.

55.     Samsung denies the allegations contained in paragraph 55.

**COUNT X -- Ericsson's Claim For Patent Infringement For The '335 Patent**

56.     Samsung repeats and incorporates by reference its answer to paragraphs 1-55 above.

57.     Samsung denies the allegations contained in paragraph 57.

58.     Samsung denies the allegations contained in paragraph 58.

**COUNT XI -- Ericsson's Claim For Patent Infringement For The '798 Patent**

59.     Samsung repeats and incorporates by reference its answer to paragraphs 1-58 above.

60.     Samsung denies the allegations contained in paragraph 60.

61.     Samsung denies the allegations contained in paragraph 61.

**COUNT XII -- Ericsson's Claim For Patent Infringement For The '941 Patent**

62.     Samsung repeats and incorporates by reference its answer to paragraphs 1-61 above.

63.     Samsung denies the allegations contained in paragraph 63.

64.     Samsung denies the allegations contained in paragraph 64.

**COUNT XIII -- Ericsson's Claim For Patent Infringement For The '938 Patent**

65.     Samsung repeats and incorporates by reference its answer to paragraphs 1-64 above.

66.     Samsung denies the allegations contained in paragraph 66.

67.     Samsung denies the allegations contained in paragraph 67.

**COUNT XIV -- Ericsson's Claim For Patent Infringement For The '233 Patent**

68.     Samsung repeats and incorporates by reference its answer to paragraphs 1-67 above.

69.     Samsung denies the allegations contained in paragraph 69.

70.     Samsung denies the allegations contained in paragraph 70.

**COUNT XV -- Ericsson's Claim For Patent Infringement For The '063 Patent**

71.     Samsung repeats and incorporates by reference its answer to paragraphs 1-70 above.

72.     Samsung denies the allegations contained in paragraph 72.

73.     Samsung denies the allegations contained in paragraph 73.

**REQUEST FOR DECLARATORY JUDGMENT
BY ERICSSON AND SONY ERICSSON**

74.     Samsung repeats and incorporates by reference its answer to paragraphs 1-73 above and otherwise denies the allegations in Paragraph 74.

75.     Samsung denies the allegations contained in paragraph 75 (a)-(l).

76.     Paragraph 76 sets forth a request by Ericsson and Sony-Ericsson that the Court grant a declaratory judgment.  Samsung admits that there is currently a case or controversy between Ericsson and Samsung with regard to the Samsung Patents (defined in Ericsson's Complaint as Reexamination No. 38,603 and U.S. Patent Nos. 6,154,652, 6,385,437, 6,493,333, 6,437,714, 6,487,693, 6,493,815, 6,598,202, 6,668,343, 6,728,229, 6,728,233, and 6,920,331). Except as so admitted, Samsung denies the allegations contained in paragraph 76.

77.     Paragraph 77 sets forth Ericsson's request that the Court make findings of invalidity, non-infringement, and unenforceability of the Samsung Patents but makes no allegations to which a responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Samsung denies the allegations contained in paragraph 77.

### ERICSSON'S PRAYER FOR RELIEF

78.     Samsung denies that Ericsson is entitled to any relief in this action or this Court, including the relief sought in subparagraphs A-K, or otherwise.

### SAMSUNG'S AFFIRMATIVE DEFENSES

79.     Samsung alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein.

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity, Noninfringement, and/or Unenforceability)

80.     The asserted claims of the Ericsson Patents, as properly construed, are invalid, not infringed, and/or unenforceable.

### SECOND AFFIRMATIVE DEFENSE
### (Failure To Mark)

81.     Ericsson's claims for relief are barred in whole or in part by failure to comply with the requirements of 35 U.S.C. § 287.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

82.     Ericsson's claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

83.     Ericsson's claims are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver/Consent)

84.     Ericsson's claims are barred because Ericsson consented to the conduct alleged in the Complaint, waived its claims for relief, and/or abandoned its right to recover on the conduct alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

85.     On information and belief, Ericsson's claims for relief are barred in whole or in part by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy At Law)

86.     Ericsson's claims for injunctive relief, declaratory relief, and/or restitution are barred in light of the fact that Ericsson has adequate remedies at law.

## EIGHTH AFFIRMATIVE DEFENSE
### (License)

87.     Samsung is licensed to the patents-in-suit under the doctrines of express license, implied license, and/or patent exhaustion.

## NINTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

88.     Ericsson's claims for relief are barred in whole or in part due to patent misuse.

## TENTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

89.     Ericsson has alleged no facts, and Samsung has not engaged in any conduct, that entitles Ericsson to an award of attorneys' fees.

## SAMSUNG'S COUNTERCLAIMS

For its counterclaims, Samsung states as follows:

1.     This is an action for infringement under the patent laws of the United States against counterclaim-defendant Ericsson Inc., Telefonaktiebolaget LM Ericsson, Sony Ericsson Mobile Communications AB, and Sony Ericsson Mobile Communications (USA) Inc. (collectively "Ericsson") for infringement of United States Patent Reissue No. RE38,603, and United States Patent Nos. 6,154,652, 6,385,437, 6,493,333, 6,437,714, 6,487,693, 6,493,815, 6,598,202, 6,668,343, 6,728,229, 6,728,233, 6,920,331, 6,751,772, 6,397,367, 5,157,737, 5,031,119, 6,667,731, 6,882,636, 6,920,602, 5,181,209, 6,421,353, and 6,928,604 (collectively "the Samsung Asserted Patents").   Subject matter jurisdiction exists for Samsung's counterclaims under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

## THE COUNTERCLAIM PARTIES

2.     Counterclaim-plaintiff Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the country of Korea having its corporate headquarters at Samsung Main Building, 250, Taepyung-ro 2-ka, Chung-ku, Seoul 100-742 Korea.

3.     Counterclaim-plaintiff Samsung Electronics America, Inc. is a corporation organized and existing under the laws of the state of New York having its corporate headquarters at 105 Challenger Road, Ridgefield Park, New Jersey, 07660.

4.     Counterclaim-plaintiff Samsung Telecommunications America LLP is a corporation organized and existing under the laws of the state of Delaware having its corporate headquarters at 1301 East Lookout Drive, Richardson, Texas 75082.

5.     On information and belief, counterclaim-defendant Ericsson Inc. is a corporation organized under the laws of the state of Delaware having its corporate headquarters at 6300 Legacy Drive, Plano, Texas 75024.   Counterclaim-defendant Ericsson Inc. manufactures, sells, offers to sell, markets, and/or imports mobile phone, network products and/or components thereof in the United States and within this District.

6.     On information and belief, counterclaim-defendant Telefonaktiebolaget LM Ericsson ("TLM Ericsson") is a corporation organized under the laws of the country of Sweden

having its corporate headquarters at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden. Counterclaim-defendant TLM Ericsson manufactures, sells, offers to sell, markets, and/or imports mobile phone, network products and/or components thereof in the United States and within this District.

7.      On information and belief, counterclaim-defendant Sony Ericsson Mobile Communications AB ("Sony Ericsson AB") is a corporation organized under the laws of the country of Sweden having its corporate headquarters at Nya Vattentomet, Lund, Sweden SE-221 88.  Counterclaim-defendant Sony Ericsson AB manufactures, sells, offers to sell, markets, and/or imports mobile phone, network products and/or components thereof in the United States and within this District.

8.      On information and belief, counterclaim-defendant Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson USA") is a corporation organized under the laws of the state of Delaware having its corporate headquarters at 7001 Development Drive, Research Triangle Park, North Carolina 27709.  Counterclaim-defendant Sony Ericsson USA manufactures, sells, offers to sell, markets, and/or imports mobile phone, network products and/or components thereof in the United States and within this District.

## JURISDICTION AND VENUE

9.      This Court has personal jurisdiction over Ericsson because Ericsson has commenced the underlying patent infringement action in this Court.

10.     Venue lies in this Court under 28 U.S.C. §§ 1391 and 1400(b).  This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §1367.

## THE SAMSUNG ASSERTED PATENTS

11.     United States Patent Reissue No. RE38,603 ("the '603 Patent"), entitled Data Transmitter and Receiver of a Spread Spectrum Communication System Using a Pilot Channel, issued on September 28, 2004.

12.     United States Patent No. 6,154,652 ("the '652 Patent") entitled Device and Method for Performing Handoff in Mobile Communication System, issued on November 28, 2000.

13.     United States Patent No. 6,385,437 ("the '437 Patent") entitled Power Control Apparatus and Method for Inter-Frequency Handoff in CDMA Communication System, issued on May 7, 2002.

14.     United States Patent No. 6,493,333 ("the '333 Patent") entitled Device and Method for Controlling Transmission Power of Punctured Frame, issued on December 10, 2002.

15.     United States Patent No. 6,437,714 ("the '714 Patent") entitled Channel Encoding Device and Method for Communication System, issued on August 20, 2002.

16.     United States Patent No. 6,487,693 ("the '693 Patent") entitled Channel Encoding/Decoding in Communication System, issued on November 26, 2002.

17.     United States Patent No. 6,493,815 ("the '815 Patent") entitled Interleaving/Deinterleaving Device and Method for Communication System, issued on December 10, 2002.

18.     United States Patent No. 6,598,202 ("the '202 Patent") entitled Turbo Interleaving Apparatus and Method, issued on July 22, 2003.

19.     United States Patent No. 6,668,343 ("the '343 Patent") entitled Interleaving/Deinterleaving Device and Method for Communication System, issued on December 23, 2003.

20.     United States Patent No. 6,728,229 ("the '229 Patent") entitled Cell Search Apparatus and Method in Asynchronous Communication System, issued on April 27, 2004.

21.     United States Patent No. 6,728,233 ("the '233 Patent") entitled Processing Packet Data in Mobile Communication System, issued on April 27, 2004.

22.     United States Patent No. 6,920,331 ("the '331 Patent") entitled Data Transmitting and Receiving Apparatus and Method for a Digital Mobile Station, issued on July 19, 2005.

23.     United States Patent No. 6,751,772 ("the '772 Patent") entitled Rate Matching Device and Method for Data Communication System, issued on June 15, 2004.

24.     United States Patent No. 6,397,367 ("the '367 Patent") entitled Device and Methods for Channel Coding and Rate Matching in a Communication System, issued on May 28, 2002.

25.     United States Patent No. 5,157,737 ("the '737 Patent") entitled Handwritten Keyboardless Entry Computer System, issued on October 20, 1992.

26.     United States Patent No. 5,031,119 ("the '119 Patent") entitled Split Screen Keyboard Emulator, issued on July 9, 1991.

27.     United States Patent No. 6,667,731 ("the '731 Patent") entitled Method for Driving Backlight Parts in a Mobile Phone, issued on December 23, 2003.

28.     United States Patent No. 6,882,636 ("the '636 Patent") entitled Apparatus and Method for Encoding/Decoding Transport Format Combination Indicator in CDMA Mobile Communication System, issued on April 19, 2005.

29.     United States Patent No. 6,920,602 ("the '602 Patent") entitled Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QOS, issued on July 19, 2005.

30.     United States Patent No. 5,181,209 ("the '209 Patent") entitled Method for generalizing the viterbi algorithm and devices for executing the method, issued on January 19, 1993.

31.     United States Patent No. 6,421,353 ("the '353 Patent") entitled Mobile Radio Telephone Capable of Recording/Reproducing Voice Signal and Method for Controlling the Same, issued on July 16, 2002.

32.     United States Patent No. 6,928,604 ("the '604 Patent") entitled Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QOS, issued on August 9, 2005.

33.     Samsung is the owner of all rights, title, and interest in and to the Samsung Asserted Patents and is entitled to sue for past and future infringement.

## COUNT I.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '603 PATENT

34.     Samsung repeats and realleges the allegations in paragraphs 1-33 as though fully set forth herein.

35.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '603 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '603 Patent.

36.     Ericsson's infringement of the '603 Patent has been willful.  Ericsson's continued infringement of the '603 Patent has damaged and will continue to damage Samsung.

## COUNT II.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '652 PATENT

37.     Samsung repeats and realleges the allegations in paragraphs 1-36 as though fully set forth herein.

38.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '652 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '652 Patent.

39.     Ericsson's infringement of the '652 Patent has been willful.  Ericsson's continued infringement of the '652 Patent has damaged and will continue to damage Samsung.

## COUNT III.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '437 PATENT

40.     Samsung repeats and realleges the allegations in paragraphs 1-39 as though fully set forth herein.

41.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '437 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '437 Patent.

42.     Ericsson's infringement of the '437 Patent has been willful.  Ericsson's continued infringement of the '437 Patent has damaged and will continue to damage Samsung.

## COUNT IV.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '333 PATENT

43.     Samsung repeats and realleges the allegations in paragraphs 1-42 as though fully set forth herein.

44.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '333 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '333 Patent.

45.     Ericsson's infringement of the '333 Patent has been willful.  Ericsson's continued infringement of the '333 Patent has damaged and will continue to damage Samsung.

## COUNT V.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '714 PATENT

46.     Samsung repeats and realleges the allegations in paragraphs 1-45 as though fully set forth herein.

47.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '714 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '714 Patent.

48.     Ericsson's infringement of the '714 Patent has been willful.  Ericsson's continued infringement of the '714 Patent has damaged and will continue to damage Samsung.

## COUNT VI.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '693 PATENT

49.     Samsung repeats and realleges the allegations in paragraphs 1-48 as though fully set forth herein.

50.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '693 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '693 Patent.

51.     Ericsson's infringement of the '693 Patent has been willful.  Ericsson's continued infringement of the '693 Patent has damaged and will continue to damage Samsung.

## COUNT VII.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '815 PATENT

52.     Samsung repeats and realleges the allegations in paragraphs 1-51 as though fully set forth herein.

53.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '815 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '815 Patent.

54.     Ericsson's infringement of the '815 Patent has been willful.  Ericsson's continued infringement of the '815 Patent has damaged and will continue to damage Samsung.

## COUNT VIII.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '202 PATENT

55.     Samsung repeats and realleges the allegations in paragraphs 1-51 as though fully set forth herein.

56.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '202 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '202 Patent.

57.     Ericsson's infringement of the '202 Patent has been willful.  Ericsson's continued infringement of the '202 Patent has damaged and will continue to damage Samsung.

## COUNT IX.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '343 PATENT

58.     Samsung repeats and realleges the allegations in paragraphs 1-57 as though fully set forth herein.

59.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '343 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '343 Patent.

60.     Ericsson's infringement of the '343 Patent has been willful.  Ericsson's continued infringement of the '343 Patent has damaged and will continue to damage Samsung.

## COUNT X.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '229 PATENT

61.     Samsung repeats and realleges the allegations in paragraphs 1-60 as though fully set forth herein.

62.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '229 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '229 Patent.

63.     Ericsson's infringement of the '229 Patent has been willful.  Ericsson's continued infringement of the '229 Patent has damaged and will continue to damage Samsung.

**COUNT XI.**
**COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '233 PATENT**

64.     Samsung repeats and realleges the allegations in paragraphs 1-63 as though fully set forth herein.

65.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '233 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '233 Patent.

66.     Ericsson's infringement of the '233 Patent has been willful.  Ericsson's continued infringement of the '233 Patent has damaged and will continue to damage Samsung.

**COUNT XII.**
**COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '331 PATENT**

67.     Samsung repeats and realleges the allegations in paragraphs 1-66 as though fully set forth herein.

68.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '331 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '331 Patent.

69.     Ericsson's infringement of the '331 Patent has been willful.  Ericsson's continued infringement of the '331 Patent has damaged and will continue to damage Samsung.

**COUNT XIII.**
**COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '772 PATENT**

70.     Samsung repeats and realleges the allegations in paragraphs 1-69 as though fully set forth herein.

71.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '772 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '772 Patent.

72.     Ericsson's infringement of the '772 Patent has been willful.  Ericsson's continued infringement of the '772 Patent has damaged and will continue to damage Samsung.

**COUNT XIV.**
**COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '367 PATENT**

73.     Samsung repeats and realleges the allegations in paragraphs 1-72 as though fully set forth herein.

74.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '367 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '367 Patent.

75.     Ericsson's infringement of the '367 Patent has been willful.  Ericsson's continued infringement of the '367 Patent has damaged and will continue to damage Samsung.

## COUNT XV.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '737 PATENT

76.     Samsung repeats and realleges the allegations in paragraphs 1-75 as though fully set forth herein.

77.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '737 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '737 Patent.

78.     Ericsson's infringement of the '737 Patent has been willful.  Ericsson's continued infringement of the '737 Patent has damaged and will continue to damage Samsung.

## COUNT XVI.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '119 PATENT

79.     Samsung repeats and realleges the allegations in paragraphs 1-78 as though fully set forth herein.

80.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '119 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '119 Patent.

81.     Ericsson's infringement of the '119 Patent has been willful.  Ericsson's continued infringement of the '119 Patent has damaged and will continue to damage Samsung.

## COUNT XVII.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '731 PATENT

82.     Samsung repeats and realleges the allegations in paragraphs 1-81 as though fully set forth herein.

83.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '731 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '731 Patent.

84.     Ericsson's infringement of the '731 Patent has been willful.  Ericsson's continued infringement of the '731 Patent has damaged and will continue to damage Samsung.

## COUNT XVIII.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '636 PATENT

85.     Samsung repeats and realleges the allegations in paragraphs 1-84 as though fully set forth herein.

86.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '636 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '636 Patent.

87.     Ericsson's infringement of the '636 Patent has been willful.  Ericsson's continued infringement of the '636 Patent has damaged and will continue to damage Samsung.

## COUNT XIX.
## COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '602 PATENT

88.     Samsung repeats and realleges the allegations in paragraphs 1-87 as though fully set forth herein.

89.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '602 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '602 Patent.

90.     Ericsson's infringement of the '602 Patent has been willful.  Ericsson's continued infringement of the '602 Patent has damaged and will continue to damage Samsung.

**COUNT XX.**
**COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '209 PATENT**

91.     Samsung repeats and realleges the allegations in paragraphs 1-90 as though fully set forth herein.

92.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '209 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '209 Patent.

93.     Ericsson's infringement of the '209 Patent has been willful.  Ericsson's continued infringement of the '209 Patent has damaged and will continue to damage Samsung.

**COUNT XXI.**
**COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '353 PATENT**

94.     Samsung repeats and realleges the allegations in paragraphs 1-93 as though fully set forth herein.

95.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '353 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '353 Patent.

96.     Ericsson's infringement of the '353 Patent has been willful.  Ericsson's continued infringement of the '353 Patent has damaged and will continue to damage Samsung.

**COUNT XXII.**
**COUNTERCLAIM FOR INFRINGEMENT OF SAMSUNG'S '604 PATENT**

97.     Samsung repeats and realleges the allegations in paragraphs 1-96 as though fully set forth herein.

98.     Ericsson has infringed, contributed to the infringement of, and/or induced infringement of the '604 Patent by making, using, selling, offering for sale in the United States or importing into the United States, or by inducing or contributing to others' efforts to do so, products, components of products, and/or methods covered by one or more claims of the '604 Patent.

99.     Ericsson's infringement of the '604 Patent has been willful.  Ericsson's continued infringement of the '604 Patent has damaged and will continue to damage Samsung.

**COUNT XXIII.**
**COUNTERCLAIM FOR BREACH OF CONTRACT**

100.     Samsung repeats and realleges the allegations in paragraphs 1-99 as though fully set forth herein.

101.     The European Telecommunications Standards Institute and other 2G and 3G standards bodies in which Ericsson has been involved (collectively, "ETSI") are standards-setting bodies responsible for standardization of information and communication technologies for the benefit of ETSI members and third parties.

102.     As a member of ETSI, and to comply with ETSI's Intellectual Property Rights ("IPR") Policy, Ericsson represented to ETSI, ETSI members, and third parties that it would grant irrevocable licenses to the purported Ericsson essential patents on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions.

103.     Ericsson's ETSI membership and activities, including the declarations it made to comply with ETSI's IPR Policy for the purported Ericsson essential patents, created an express and/or implied contract with ETSI and/or ETSI members including an agreement that Ericsson would license those patents on FRAND terms and conditions.  Under ETSI's IPR Policy, third

parties that are not ETSI members also have the right to be granted licenses under those patents on FRAND terms and conditions.

104.     Ericsson has refused to grant Samsung a license to the Ericsson Patents on FRAND terms and conditions.

105.     Ericsson's refusal constitutes a breach of its contractual obligations to ETSI and/or ETSI members and deprives third parties of their right to be granted licenses under the Ericsson Patents.

106.     As a result of Ericsson's breach, Samsung has incurred damages and will be further damaged in the future.

## COUNT XXIV.
## COUNTERCLAIM FOR EQUITABLE ESTOPPEL

107.     Samsung repeats and realleges the allegations in paragraphs 1-106 as though fully set forth herein.

108.     In the course of its participation in ETSI, Ericsson represented to ETSI, ETSI members, and third parties that it would grant irrevocable licenses to the purported Ericsson essential patents on FRAND terms and conditions.

109.     Ericsson's ETSI membership and activities, including the declarations it made to comply with ETSI's IPR Policy for the purported Ericsson essential patents, created a false and misleading impression among ETSI, ETSI members (including Samsung), and/or third parties that Ericsson would license those patents on FRAND terms and conditions.

110.     In reliance on Ericsson's representations, Samsung made substantial investments in the research, design, development, manufacture, and marketing of mobile handsets.

111.     As a result, Samsung will be harmed materially if Ericsson is permitted to assert its alleged patent rights to prevent Samsung from importing and/or selling mobile handsets.

## DEMAND FOR JURY TRIAL

112.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Samsung demands a trial by jury on all issues so triable.

## PRAYER

WHEREFORE, Samsung prays that:

1.    Ericsson take nothing by way of its complaint and the same be dismissed with prejudice;

2.    All damages, injunctive relief, costs, expenses, attorneys fees, or other relief sought by Ericsson be denied;

3.    Judgment be entered that Samsung does not, and has not, infringed any valid claim of the Ericsson Patents;

4.    Judgment be entered that each asserted claim of the Ericsson Patents is invalid and unenforceable;

5.    Judgment be entered that Ericsson infringes the Samsung Asserted Patents;

6.    Judgment be entered that Ericsson's infringement of the Samsung Asserted Patents is willful;

7.    Judgment be entered awarding Samsung damages in an amount adequate to compensate Samsung for Ericsson's infringement, but in no event less than a reasonable royalty rate under 35 U.S.C. § 284 and, if necessary to adequately compensate Samsung for the infringement, an accounting;

8.    Judgment be entered awarding Samsung enhanced damages by reason of Ericsson's willful infringement of the Samsung Asserted Patents pursuant to 35 U.S.C. § 284;

9.    Ericsson be enjoined from further infringement of the Samsung Asserted Patents;

10.    Ericsson be enjoined from seeking any royalties in this Court or any forum or otherwise for the purported Ericsson essential patents in excess of FRAND terms and conditions;

11.     Ericsson be enjoined from seeking in this Court or in any forum any injunctive relief related to the purported Ericsson essential patents until it is determined that Ericsson has granted to Samsung and its affiliates a license for such Patents under FRAND terms and conditions;

12.     Judgment be entered requiring Ericsson's specific performance under its contract with ETSI and/or ETSI members to grant a license to Samsung under the purported Ericsson essential patents on FRAND terms and conditions;

13.     Judgment be entered that Ericsson is estopped from asserting the purported Ericsson essential patents against Samsung;

14.     Judgment be entered awarding Samsung pre-judgment and post-judgment interest;

15.     This case be declared exceptional pursuant to 35 U.S.C. § 285 and attorney fees be awarded to Samsung;

16.     Costs and expenses be awarded to Samsung; and

17.     Samsung be awarded all other such relief as the Court may deem just and appropriate.

DATED:  May 15, 2005                    Respectfully submitted,


*Of Counsel,*:                          Eric M. Albritton
John M. Desmaris (NY Bar No. 2261782)   Texas State Bar No. 00790215
*jdesmaris@kirkland.com*                ALBRITTON LAW FIRM
Gregory S. Arovas (NY Bar No. 2553782)  P.O. Box 2649
*garovas@kirkland.com*                  Longview, Texas 75606
KIRKLAND & ELLIS LLP                    Tel.: (903) 757-8449
Citigroup Center                        Fax: (903) 758-7397
153 East 53rd Street                    *ema@emafirm.com*
New York, New York 10022-4611
Tel.: (212) 446-4800
Fax: (212) 446-4900
                                        *Attorneys For*
Christian Chadd Taylor (IL Bar No. 6226216)  *Defendant/Counterclaim-Plaintiffs*
*ctaylor@kirkland.com*                  SAMSUNG ELECTRONICS CO., LTD.,
Perry R. Clark (CA Bar No. 197101)      SAMSUNG ELECTRONICS AMERICA, INC.,
*pclark@kirkland.com*                   and SAMSUNG TELECOMMUNICATIONS
Bao Nguyen (CA Bar No. 198023)          AMERICA LLP
*bnguyen@kirkland.com*
Kenneth H. Bridges (IL Bar No. 6255664)
*kbridges@kirkland.com*
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500


Ephraim D. Starr (CA Bar No. 186409)
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017-5800
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).   Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 15th day of May, 2005.

_____

Eric M. Albritton