IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ERICSSON INC.,<br>TELEFONAKTIEBOLAGET LM<br>ERICSSON, SONY ERICSSON MOBILE<br>COMMUNICATIONS AB, and SONY<br>ERICSSON MOBILE<br>COMMUNICATIONS (USA) INC.,<br>         Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 2:06-CV-00063-TJW<br>JURY DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC., and SAMSUNG<br>TELECOMMUNICATIONS AMERICA<br>LLP,<br>         Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

**SAMSUNG'S REPLY AND AFFIRMATIVE DEFENSES TO ERICSSON'S AND SONY
ERICSSON'S COUNTERCLAIMS AND SAMSUNG'S COUNTERCLAIMS**

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and
Samsung Telecommunications America LLP (collectively "Samsung") hereby reply to the
counterclaims (hereinafter, "the Counterclaims") asserted by Ericsson Inc., Telefonaktiebolaget
LM Ericsson, Sony Ericsson Mobile Communications AB, and Sony Ericsson Mobile
Communications (USA) Inc. (collectively, "Ericsson") in Ericsson's and Sony Ericsson's Reply
to the Counterclaims of Samsung and Ericsson's and Sony Ericsson's Counterclaims Against
Samsung (hereinafter, "Reply and Counterclaims") as follows:

**SAMSUNG'S REPLY TO ERICSSON'S COUNTERCLAIMS**

1.	Samsung admits that Ericsson purports that Samsung infringes the Ericsson
asserted patents (defined in the Reply and Counterclaims as United States Patent Nos. 5,353,332,

5,404,355, 5,870,406, 6,112,102, 6,256,487, 6,400,928, 6,463,107, 6,732,069, 6,907,265, 5,572,622, 7,042,963, and 6,387,027) ("Ericsson Counterclaim Patents").  Samsung otherwise denies the allegations in paragraph 1.

## THE COUNTERCLAIM PARTIES

2.     Samsung, on information and belief, admits the allegations contained in paragraph 2.

3.     Samsung, on information and belief, admits the allegations contained in paragraph 3.

4.     Samsung, on information and belief, admits the allegations contained in paragraph 4.

5.     Samsung, on information and belief, admits the allegations contained in paragraph 5.

6.     Samsung admits the allegations contained in paragraph 6.

7.     Samsung admits the allegations contained in paragraph 7.

8.     Samsung admits the allegations contained in paragraph 8.

## JURISDICTION AND VENUE

9.     The allegations in paragraph 9 state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Samsung admits that the Counterclaims purport to assert an action under the patent laws of the United States in addition to claims for which the Court has supplemental jurisdiction, and that the Court has subject matter jurisdiction over the purported action.  To the extent paragraph 9 contains any other or different allegations, Samsung denies them.

10.     The allegations in paragraph 10 state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Samsung admits that the Counterclaims purport to assert venue is proper in this judicial district.  Samsung

does not contest venue in this jurisdiction.  To the extent paragraph 10 contains any other or different allegations, Samsung denies them.

## THE ERICSSON COUNTERCLAIM PATENTS

11.     Samsung admits the allegations contained in paragraph 11.

12.     Samsung admits the allegations contained in paragraph 12.

13.     Samsung admits the allegations contained in paragraph 13.

14.     Samsung admits the allegations contained in paragraph 14.

15.     Samsung admits the allegations contained in paragraph 15.

16.     Samsung admits the allegations contained in paragraph 16.

17.     Samsung admits the allegations contained in paragraph 17.

18.     Samsung admits the allegations contained in paragraph 18.

19.     Samsung admits the allegations contained in paragraph 19.

20.     Samsung admits the allegations contained in paragraph 20.

21.     Samsung admits the allegations contained in paragraph 21.

22.     Samsung admits the allegations contained in paragraph 22.

## FACTUAL BACKGROUND

23.     Samsung denies the allegations contained in paragraph 23.

24.     Samsung denies the allegations contained in paragraph 24.

25.     Samsung denies the allegations contained in paragraph 25.

## COUNT I.

## REPLY TO COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON'S '332 PATENT

26.     Samsung repeats and incorporates by reference its reply in paragraphs 1-25 above.

27.     Samsung denies the allegations contained in paragraph 27.

28.     Samsung denies the allegations contained in paragraph 28.

## COUNT II.

## REPLY TO COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON'S '355 PATENT

29.     Samsung repeats and incorporates by reference its reply in paragraphs 1-28 above.

30.     Samsung denies the allegations contained in paragraph 30.

31.     Samsung denies the allegations contained in paragraph 31.

## COUNT III.

## REPLY TO COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON'S '406 PATENT

32.     Samsung repeats and incorporates by reference its reply in paragraphs 1-31 above.

33.     Samsung denies the allegations contained in paragraph 33.

34.     Samsung denies the allegations contained in paragraph 34.

## COUNT IV.

## REPLY TO COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON'S '102 PATENT

35.     Samsung repeats and incorporates by reference its reply in paragraphs 1-34 above.

36.     Samsung denies the allegations contained in paragraph 36.

37.     Samsung denies the allegations contained in paragraph 37.

## COUNT V.

## REPLY TO COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON'S '487 PATENT

38.     Samsung repeats and incorporates by reference its reply in paragraphs 1-37 above.

39.     Samsung denies the allegations contained in paragraph 39.

40.     Samsung denies the allegations contained in paragraph 40.

## COUNT VI.

## REPLY TO COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON'S '928 PATENT

41.     Samsung repeats and incorporates by reference its reply in paragraphs 1-40 above.

42.     Samsung denies the allegations contained in paragraph 41.

43.     Samsung denies the allegations contained in paragraph 42.

## COUNT VII.

## REPLY TO COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON'S '107 PATENT

44.     Samsung repeats and incorporates by reference its reply in paragraphs 1-43 above.

45.     Samsung denies the allegations contained in paragraph 45.

46.     Samsung denies the allegations contained in paragraph 46.

## COUNT VIII.

## REPLY TO COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON'S '069 PATENT

47.     Samsung repeats and incorporates by reference its reply in paragraphs 1-46 above.

48.     Samsung denies the allegations contained in paragraph 48.

49.     Samsung denies the allegations contained in paragraph 49.

## COUNT IX.

## REPLY TO COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON'S '265 PATENT

50.     Samsung repeats and incorporates by reference its reply in paragraphs 1-49 above.

51.     Samsung denies the allegations contained in paragraph 51.

52.     Samsung denies the allegations contained in paragraph 52.

## COUNT X.

## REPLY TO COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON'S '622 PATENT

53.     Samsung repeats and incorporates by reference its reply in paragraphs 1-52 above.

54.     Samsung denies the allegations contained in paragraph 54.

55.     Samsung denies the allegations contained in paragraph 55.

## COUNT XI.

### REPLY TO COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON'S '963 PATENT

56.     Samsung repeats and incorporates by reference its reply in paragraphs 1-55 above.

57.     Samsung denies the allegations contained in paragraph 57.

58.     Samsung denies the allegations contained in paragraph 58.

## COUNT XII.

### REPLY TO COUNTERCLAIM FOR INFRINGEMENT OF ERICSSON'S '027 PATENT

59.     Samsung repeats and incorporates by reference its reply in paragraphs 1-58 above.

60.     Samsung denies the allegations contained in paragraph 60.

61.     Samsung denies the allegations contained in paragraph 61.

## COUNT XIII.

### REPLY TO COUNTERCLAIM FOR BREACH OF CONTRACT

62.     Samsung repeats and incorporates by reference its reply in paragraphs 1-61 above.

63.     Samsung admits that the European Telecommunications Standards Institute ("ETSI"), in addition to other 2G and 3G bodies, including the Third Generation Partnership Project ("3GPP"), are standards-setting bodies, and that Samsung has been involved in these bodies.  Samsung otherwise denies the allegations contained in paragraph 63.

64.     Samsung denies the allegations contained in paragraph 64.

65.     Samsung denies the allegations contained in paragraph 65.

66.     Samsung denies the allegations contained in paragraph 66.

67.     Samsung denies the allegations contained in paragraph 67.

68.     Samsung denies the allegations contained in paragraph 68.

69.     Samsung denies the allegations contained in paragraph 69.

## COUNT XIV.

## REPLY TO COUNTERCLAIM FOR EQUITABLE ESTOPPEL

70.     Samsung repeats and incorporates by reference its reply in paragraphs 1-69 above.

71.     Samsung admits it declared that it has been prepared to grant irrevocable licenses for its patents on terms and conditions which are in accordance with the ETSI Intellectual Property Rights ("IPR") Policy.  To the extent Ericsson intends paragraph 71 to include different or additional allegations, Samsung denies the allegations contained in paragraph 71.

72.     Samsung denies the allegations contained in paragraph 72.

73.     Samsung denies the allegations contained in paragraph 73.

74.     Samsung denies the allegations contained in paragraph 74.

## ERICSSON'S REQUEST FOR DECLARATORY JUDGMENT

75.     Samsung repeats and incorporates by reference its reply to paragraphs 1-74 above and otherwise denies the allegations in paragraph 75.

76.     Paragraph 76 sets forth a request by Ericsson to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Samsung denies the allegations of paragraph 76.

77.     Paragraph 77 sets forth a request by Ericsson that the Court grant a declaratory judgment.  Samsung admits that there is currently a case or controversy between Ericsson and Samsung with regard to the Samsung Asserted Patents.  Except as so admitted, Samsung denies the allegations contained in paragraph 77.

78.     Paragraph 78 sets forth Ericsson's request that the Court make findings of invalidity, non-infringement, and unenforceability of the Samsung Asserted Patents but makes no allegations to which a responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Samsung denies the allegations contained in paragraph 78.

## ERICSSON'S PRAYER FOR RELIEF

79.     Samsung denies that Ericsson is entitled to any relief in this action or this Court, including the relief sought in subparagraphs A-L, or otherwise.

## SAMSUNG'S AFFIRMATIVE DEFENSES

80.     Samsung alleges and asserts the following defenses in response to the allegations of Ericsson's Reply and Counterclaims, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein.

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity, Noninfringement, and/or Unenforceability)

81.     The asserted claims of the Ericsson Counterclaim Patents, as properly construed, are invalid, not infringed, and/or unenforceable.

### SECOND AFFIRMATIVE DEFENSE
### (Failure To Mark)

82.     Ericsson's claims for relief are barred in whole or in part by failure to comply with the requirements of 35 U.S.C. § 287.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

83.     Ericsson's claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

84.     Ericsson's claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver/Consent)

85.     Ericsson's claims are barred because Ericsson consented to the conduct alleged in the Reply and Counterclaims, waived its claims for relief, and/or abandoned its right to recover on the conduct alleged in the Reply and Counterclaims.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

86.     On information and belief, Ericsson's claims for relief are barred in whole or in part by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy At Law)

87.     Ericsson's claims for injunctive relief, declaratory relief and/or restitution are barred in light of the fact that Ericsson has adequate remedies at law.

## EIGHTH AFFIRMATIVE DEFENSE
### (License)

88.     Samsung is licensed to the patents-in-suit under the doctrines of express license, implied license, and/or patent exhaustion.

## NINTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

89.     Ericsson's claims for relief are barred in whole or in part due to patent misuse.

## TENTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

90.     Ericsson has alleged no facts, and Samsung has not engaged in any conduct, that entitles Ericsson to an award of attorneys' fees.

## SAMSUNG'S COUNTERCLAIMS

For its counterclaims, Samsung states as follows:

1.     This is an action for breach of contract and equitable estoppel against counterclaim-defendant Ericsson Inc., Telefonaktiebolaget LM Ericsson, Sony Ericsson Mobile Communications AB, and Sony Ericsson Mobile Communications (USA) Inc. (collectively "Ericsson").

**THE COUNTERCLAIM PARTIES**

2.      Counterclaim-plaintiff Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the country of Korea having its corporate headquarters at Samsung Main Building, 250, Taepyung-ro 2-ka, Chung-ku, Seoul 100-742 Korea.

3.      Counterclaim-plaintiff Samsung Electronics America, Inc. is a corporation organized and existing under the laws of the state of New York having its corporate headquarters at 105 Challenger Road, Ridgefield Park, New Jersey, 07660.

4.      Counterclaim-plaintiff Samsung Telecommunications America LLP is a corporation organized and existing under the laws of the state of Delaware having its corporate headquarters at 1301 East Lookout Drive, Richardson, Texas 75082.

5.      On information and belief, counterclaim-defendant Ericsson Inc. is a corporation organized under the laws of the state of Delaware having its corporate headquarters at 6300 Legacy Drive, Plano, Texas 75024.  Counterclaim-defendant Ericsson Inc. manufactures, sells, offers to sell, markets, and/or imports mobile phone, network products and/or components thereof in the United States and within this District.

6.      On information and belief, counterclaim-defendant Telefonaktiebolaget LM Ericsson ("TLM Ericsson") is a corporation organized under the laws of the country of Sweden having its corporate headquarters at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden. Counterclaim-defendant TLM Ericsson manufactures, sells, offers to sell, markets, and/or imports mobile phone, network products and/or components thereof in the United States and within this District.

7.      On information and belief, counterclaim-defendant Sony Ericsson Mobile Communications AB ("Sony Ericsson AB") is a corporation organized under the laws of the country of Sweden having its corporate headquarters at Nya Vattentomet, Lund, Sweden SE-221 88.  Counterclaim-defendant Sony Ericsson AB manufactures, sells, offers to sell, markets, and/or imports mobile phone, network products and/or components thereof in the United States and within this District.

8.     On information and belief, counterclaim-defendant Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson USA") is a corporation organized under the laws of the state of Delaware having its corporate headquarters at 7001 Development Drive, Research Triangle Park, North Carolina 27709.   Counterclaim-defendant Sony Ericsson USA manufactures, sells, offers to sell, markets, and/or imports mobile phone, network products and/or components thereof in the United States and within this District.

## JURISDICTION AND VENUE

9.     This Court has personal jurisdiction over Ericsson because Ericsson has commenced the underlying patent infringement action in this Court.

10.    Venue lies in this Court under 28 U.S.C. §§ 1391 and 1400(b).  This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §1367.

## COUNT I.
## COUNTERCLAIM FOR BREACH OF CONTRACT

11.    Samsung repeats and realleges the allegations in paragraphs 1-10 as though fully set forth herein.

12.    The European Telecommunications Standards Institute and other 2G and 3G standards bodies in which Ericsson has been involved (collectively, "ETSI") are standards-setting bodies responsible for standardization of information and communication technologies for the benefit of ETSI members and third parties.

13.    As a member of ETSI, and to comply with ETSI's Intellectual Property Rights ("IPR") Policy, Ericsson represented to ETSI, ETSI members, and third parties that it would grant irrevocable licenses for to the purported Ericsson essential patents on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions.

14.    Ericsson's ETSI membership and activities, including the declarations it made to comply with ETSI's IPR Policy for the purported Ericsson essential patents, created an express and/or implied contract with ETSI and/or ETSI members including an agreement that Ericsson

would license those patents on FRAND terms and conditions.  Under ETSI's IPR Policy, third parties that are not ETSI members also have the right to be granted licenses under those patents on FRAND terms and conditions.

15.     Ericsson has refused to grant Samsung a license to the Ericsson Patents on FRAND terms and conditions.

16.     Ericsson's refusal constitutes a breach of its contractual obligations to ETSI and/or ETSI members and deprives third parties of their right to be granted licenses under the Ericsson Patents.

17.     As a result of Ericsson's breach, Samsung has incurred damages and will be further damaged in the future.

**COUNT II.**
**COUNTERCLAIM FOR EQUITABLE ESTOPPEL**

18.     Samsung repeats and realleges the allegations in paragraphs 1-17 as though fully set forth herein.

19.     In the course of its participation in ETSI, Ericsson represented to ETSI, ETSI members, and third parties that it would grant irrevocable licenses to the purported Ericsson essential patents on FRAND terms and conditions.

20.     Ericsson's ETSI membership and activities, including the declarations it made to comply with ETSI's IPR Policy for the purported Ericsson essential patents, created a false and misleading impression among ETSI, ETSI members (including Samsung), and/or third parties that Ericsson would license those patents on FRAND terms and conditions.

21.     In reliance on Ericsson's representations, Samsung made substantial investments in the research, design, development, manufacture, and marketing of mobile handsets.

22.     As a result, Samsung will be harmed materially if Ericsson is permitted to assert its alleged patent rights to prevent Samsung from importing and/or selling mobile handsets.

## DEMAND FOR JURY TRIAL

23.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Samsung demands a trial by jury on all issues so triable.

## PRAYER

WHEREFORE, Samsung prays that:

1.     Ericsson take nothing by way of its complaint and the same be dismissed with prejudice;

2.     All damages, injunctive relief, costs, expenses, attorneys fees, or other relief sought by Ericsson be denied;

3.     Judgment be entered that Samsung does not, and has not, infringed any valid claim of the Ericsson Counterclaim Patents;

4.     Judgment be entered that each asserted claim of the Ericsson Counterclaim Patents is invalid and unenforceable;

5.     Ericsson be enjoined from seeking any royalties in this Court or any forum or otherwise for the purported Ericsson essential patents in excess of FRAND terms and conditions;

6.     Ericsson be enjoined from seeking in this Court or in any forum any injunctive relief related to the purported Ericsson essential patents until it is determined that Ericsson has granted to Samsung and its affiliates a license for such Patents under FRAND terms and conditions;

7.     Judgment be entered requiring Ericsson's specific performance under its contract with ETSI and/or ETSI members to grant a license to Samsung under the purported Ericsson essential patents on FRAND terms and conditions;

8.     Judgment be entered that Ericsson is estopped from asserting the purported Ericsson essential patents against Samsung;

9.     Judgment be entered awarding Samsung pre-judgment and post-judgment interest;

10.     This case be declared exceptional pursuant to 35 U.S.C. § 285 and attorney fees be awarded to Samsung;

11.     Costs and expenses be awarded to Samsung; and

12.     Samsung be awarded all other such relief as the Court may deem just and appropriate.

DATED: August 9, 2006                    Respectfully submitted,

*Of Counsel,*:                           Eric M. Albritton
John M. Desmarais (NY Bar No. 2261782)   Texas State Bar No. 00790215
*jdesmarais@kirkland.com*                J. Scott Hacker
Gregory S. Arovas (NY Bar No. 2553782)   Texas State Bar No. 24027065
*garovas@kirkland.com*                   ALBRITTON LAW FIRM
                                         P.O. Box 2649
KIRKLAND & ELLIS LLP                     Longview, Texas 75606
Citigroup Center                         Tel.: (903) 757-8449
153 East 53rd Street                     Fax: (903) 758-7397
New York, New York 10022-4611            ema@emafirm.com
Tel.: (212) 446-4800
Fax: (212) 446-4900                      *Attorneys For*
                                         SAMSUNG ELECTRONICS CO., LTD.,
Christian Chadd Taylor (IL Bar No. 6226216)   SAMSUNG ELECTRONICS AMERICA, INC.,
*ctaylor@kirkland.com*                   and SAMSUNG TELECOMMUNICATIONS
Perry R. Clark (CA Bar No. 197101)       AMERICA LLP
*pclark@kirkland.com*
Bao Nguyen (CA Bar No. 198023)
*bnguyen@kirkland.com*
Kenneth H. Bridges (IL Bar No. 6255664)
*kbridges@kirkland.com*
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Ephraim D. Starr (CA Bar No. 186409)
*estarr@kirkland.com*
Guy Ruttenberg (CA Bar No. 207937)
*gruttenberg@kirkland.com*
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017-5800
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 9th day of August, 2006.

Eric M. Albritton