IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, SONY ERICSSON MOBILE COMMUNICATIONS AB, and SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC., <br><br> Plaintiffs/Counter-Defendants and Counter-Plaintiffs <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA LLP, <br><br> Defendants/Counter-Plaintiffs and Counter-Defendants. | CIVIL ACTION NO. 2:06-CV-00063-TJW <br><br><br><br><br> JURY TRIAL DEMANDED |

**ERICSSON'S AND SONY ERICSSON'S REPLY
TO SAMSUNG'S AUGUST 9, 2006 COUNTERCLAIMS**

Plaintiffs, Counter-Defendants, and Counter-Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"), and Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc. (collectively, "Sony Ericsson"), respectfully submit their reply to the August 9, 2006 counterclaims (hereinafter, "the Counterclaims") asserted by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLP, (collectively, "Samsung"), as follows:

**ERICSSON'S AND SONY ERICSSON'S REPLY
TO SAMSUNG'S AUGUST 9, 2006 COUNTERCLAIMS**

For their reply to Samsung's counterclaims, Ericsson and Sony Ericsson state as follows:

1.  Ericsson and Sony Ericsson admit that Samsung has asserted counterclaims for breach of contract and equitable estoppel. Ericsson and Sony Ericsson otherwise deny that Samsung is entitled to the relief it seeks in paragraph 1.

**THE COUNTERCLAIM PARTIES**

2.  On information and belief, Ericsson and Sony Ericsson admit the allegations set forth in paragraph 2.

3.  On information and belief, Ericsson and Sony Ericsson admit the allegations set forth in paragraph 3.

4.  On information and belief, Ericsson and Sony Ericsson admit the allegations set forth in paragraph 4.

5.  Ericsson and Sony Ericsson admit that Ericsson Inc. is a Delaware corporation having a principal place of business at 6300 Legacy Drive, Plano, Texas 75024, and admit that Ericsson Inc. imports, markets, offers for sale, and/or sells mobile network products and/or components within the United States and the Eastern District of Texas. Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 5.

6.  Ericsson and Sony Ericsson admit that Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm Sweden, and admit that Telefonaktiebolaget LM Ericsson, through a joint venture with Sony Corporation, imports, markets, offers for sale, and/or sells mobile phones, network products and/or components within the United States and the Eastern District of Texas. Ericsson and Sony Ericsson otherwise deny

the allegations set forth in paragraph 6.

7. Ericsson and Sony Ericsson admit that Sony Ericsson Mobile Communications AB is a corporation organized under the laws of the country of Sweden with its principal place of business at Nya Vattentornet, Lund, Sweden SE-221 88, and admit that Sony Ericsson Mobile Communications AB imports, markets, offers for sale, and/or sells mobile phones, network products and/or components within the United States and the Eastern District of Texas. Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 7.

8. Ericsson and Sony Ericsson admit that Sony Ericsson Mobile Communications (USA) Inc. is a Delaware corporation having a principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709, and admit that Sony Ericsson Mobile Communications (USA) Inc. imports, markets, offers for sale, and/or sells mobile phones, network products and/or components within the United States and the Eastern District of Texas. Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 8.

## JURISDICTION AND VENUE

9. Ericsson and Sony Ericsson admit that this Court has jurisdiction over Ericsson and Sony Ericsson in this lawsuit. Ericsson and Sony Ericsson otherwise deny that Samsung is entitled to any relief.

10. Ericsson and Sony Ericsson admit that venue lies in this Court under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b). Ericsson and Sony Ericsson admit that this Court has supplemental jurisdiction over Samsung's counterclaims pursuant to 28 U.S.C. § 1367. Ericsson and Sony Ericsson otherwise deny that Samsung is entitled to the relief it seeks in paragraph 10.

## COUNT I.

## COUNTERCLAIM FOR BREACH OF CONTRACT

11.  Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-10 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

12.  Ericsson and Sony Ericsson admit that the European Telecommunications Standards Institute ("ETSI"), in addition to other 2G and 3G standards bodies, are standards-setting bodies which are responsible for the standardization of information and communication technologies for the benefit of their members and third parties. Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 12.

13.  Ericsson and Sony Ericsson admit that Telefonaktiebolaget LM Ericsson is a member of ETSI. Ericsson and Sony Ericsson further admit that members of ETSI agree to comply with ETSI's Intellectual Property Rights ("IPR") Policy. Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 13.

14.  Ericsson and Sony Ericsson admit that ETSI's IPR Policy provides that standards essential patents should be licensed on FRAND terms and conditions. Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 14.

15.  Ericsson and Sony Ericsson deny the allegations set forth in paragraph 15.

16.  Ericsson and Sony Ericsson deny the allegations set forth in paragraph 16.

17.  Ericsson and Sony Ericsson deny the allegations set forth in paragraph 17.

## COUNT II.

## COUNTERCLAIM FOR EQUITABLE ESTOPPEL

18.  Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-17 of the Counterclaims, and further incorporate by reference the allegations set forth in their

Original Complaint.

19. Ericsson and Sony Ericsson admit that Telefonaktiebolaget LM Ericsson is a member of ETSI. Ericsson and Sony Ericsson further admit that members of ETSI agree to comply with ETSI's Intellectual Property Rights ("IPR") Policy. Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 19.

20. Ericsson and Sony Ericsson admit that Telefonaktiebolaget LM Ericsson is a member of ETSI. Ericsson and Sony Ericsson further admit that members of ETSI agree to comply with ETSI's Intellectual Property Rights ("IPR") Policy. Ericsson and Sony Ericsson otherwise deny the allegations set forth in paragraph 20.

21. Ericsson and Sony Ericsson deny the allegations set forth in paragraph 21.

22. Ericsson and Sony Ericsson deny the allegations set forth in paragraph 22.

## DEMAND FOR JURY TRIAL

23. Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-22 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

24. Ericsson and Sony Ericsson admit that Samsung has requested a trial by jury. Ericsson and Sony Ericsson deny that Samsung is entitled to any relief in this action or this Court.

## SAMSUNG'S PRAYER FOR RELIEF

25. Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-24 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

26. Ericsson and Sony Ericsson deny that Samsung is entitled to any relief in this

action or this Court, including the relief sought in subparagraphs 1-12 of its counterclaim filed on August 9, 2006, the relief sought in Samsung's counterclaims filed in this Court on May 15, 2006, or otherwise.

## ERICSSON'S AND SONY ERICSSON'S AFFIRMATIVE DEFENSES

27. Ericsson and Sony Ericsson repeat and reallege their response to paragraphs 1-24 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

28. Ericsson and Sony Ericsson allege and assert the following defenses in response to the allegations of Samsung's counterclaims, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein.

### FIRST AFFIRMATIVE DEFENSE

### (Laches)

29. Samsung's counterclaims are barred, in whole or in part, by the doctrine of laches.

### SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

30. Samsung's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver/Consent)

31. Samsung's counterclaims are barred because Samsung consented to the conduct alleged therein, waived its claims for relief, and/or abandoned its right to recover on the conduct alleged in Samsung's counterclaims.

Dallas 224845v1

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

32. On information and belief, Samsung's counterclaims are barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

33. Samsung's counterclaims for injunctive relief, declaratory relief, and/or restitution are barred in light of the fact that Samsung has adequate remedies at law.

## SIXTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

34. Samsung's counterclaims are barred in whole or in part due to patent misuse.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

35. Samsung has alleged no facts, and Ericsson and Sony Ericsson have not engaged in any conduct, that entitles Samsung to an award of attorneys' fees.

Dated:  September 1, 2006    Respectfully submitted,

**MCKOOL SMITH, P.C.**

By:   /s/ Sam Baxter
Sam Baxter, Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com

P.O. Box O
Marshall, Texas 75671
Telephone: (903) 927-2111
Fax: (903) 927-2622

Mike McKool, Jr.
Texas State Bar No. 13732100
mmckool@mckoolsmith.com

Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com

Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com

300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4000
Telecopier:  (214) 978-4044

Robert M. Parker
Texas State Bar No. 15498000
rmparker@cox-internet.com

**PARKER & BUNT, P.C.**
100 E. Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 533-9288
Fax: (903) 533-8697

**ATTORNEYS  FOR PLAINTIFFS
ERICSSON INC., TELEFONAKTIEBOLAGET
LM ERICSSON, SONY ERICSSON MOBILE
COMMUNICATIONS AB, and SONY
ERICSSON MOBILE COMMUNICATIONS**

- 9 -

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 1st day of September, 2006.

          _____/s/ Sam Baxter_____

Dallas 224845v1