IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION


ERICSSON INC., ET AL.                    §

Vs.                                      §          CIVIL ACTION NO. 2:06-CV-63

SAMSUNG ELECTRONICS CO., LTD.,           §
ET AL.


## ORDER

Plaintiffs' motion to sever and stay pending resolution of ITC proceedings (#22) is granted

in part and denied in part for the reasons expressed in this order.

Plaintiffs filed this case on February 20, 2006, asserting patent infringement against the

defendants (collectively "Samsung").  On May 15, 2006, Samsung filed a counterclaim asserting that

the plaintiffs infringe twenty-one (21) United States Patents and one (1) United States Patent

Reissue.  Seven of the patents asserted in the counterclaim are also the subject of a concurrent ITC

proceeding initiated by Samsung.  Plaintiffs seek to sever and stay this portion of the counterclaims,

pending the conclusion of the ITC proceedings.  Plaintiffs rely on this court's discretionary authority

to sever claims and statutory authority requiring a stay of litigation pending the conclusion of ITC

proceedings.

The defendants partially oppose the motion.  They concede a stay is appropriate.  However,

the defendants request the court to deny the motion to sever.  The defendants argue that the ITC has

set an October 8, 2007 date for final determination.  According to the defendants, the court could lift

the stay after the conclusion of the ITC proceedings and permit the seven patents to be asserted in

this case.  In essence, the defendants argue that the decision whether to sever the claims is premature, as the court does not know what the posture of this case will be as of October 8, 2007.

The court agrees with the defendants.  The court will stay the proceedings with respect to the seven patents pending before the ITC; however, a severance of those claims would be premature at this point.  This court has not yet set a schedule in this case.  If, as the defendants contend, the ITC issues its final determination by October 8, 2007, then, depending on the status of this case, the court and the parties might be in a position to resolve all of the claims and counterclaims in a single proceeding.  On the other hand, if the ITC decision is delayed, or if the proceedings in this case have advanced to a point where severance might be appropriate, then the plaintiffs may renew their motion.  Accordingly, the court grants in part and denies in part the plaintiffs' motion to stay and to sever (#22).

SIGNED this  7th  day of December, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

2