IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| ERICSSON INC., ET AL. | § | |
| Vs. | § | CIVIL ACTION NO. 2:06-CV-63 |
| SAMSUNG ELECTRONICS CO., LTD., ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's motion for separate trial of the parties' breach of contract claims (#46) is granted for the reasons expressed in this opinion.

This case involves claims and counterclaims by two large telecommunication companies who are asserting "standard essential" patents against each other. The companies reached an impasse during negotiations over the renewal of a cross-license agreement covering certain cellular technology. In February 2006, Ericsson sued Samsung, accusing it of infringing fifteen (15) Ericsson patents. In May 2006, Samsung counterclaimed for infringement of twenty-one (21) Samsung patents. Samsung also asserted a breach of contract counterclaim, in which it asserted that Ericsson breached its contractual obligations imposed by virtue of its membership in the European Telecommunications Standards Institute ("ETSI"). In particular, Samsung asserted that Ericsson had breached its contractual obligation to offer Samsung a license to its standards essential patents on fair, reasonable, and non-discriminatory terms. Ericsson, in turn, filed a counterclaim for infringement of twelve (12) additional patents. Ericsson appended its own breach of contract claim, alleging that Samsung had also breached its obligations to license Ericsson under fair, reasonable,

and non-discriminatory terms. Running parallel to this case are proceedings before the International Trade Commission.

Ericsson and Samsung are members of ETSI. ETSI is a standard setting organization located in France. It has promulgated standards relevant to cellular telephone technology and wireless telecommunication systems. Standard setting organizations receive technical contributions from members, which are analyzed by other members. Frequently, companies have patents or pending applications covering their contribution to the standard. Some standard setting organizations, including ETSI, have adopted rules which require its members (1) to identify patents that are essential to a proposed standard and (2) to agree to license their standard essential patents on fair, reasonable, and non-discriminatory ("FRAND") terms to anyone who requests a license. With respect to ETSI, the parties agree that the FRAND obligation is contractual and binds all of the members.

On the eve of the scheduling conference set in this case, Ericsson filed a motion for separate trials of the parties' breach of contract claims. In the motion, Ericsson argues that, although there are numerous patents asserted in this case, the crux of the parties' disagreement in this case is the FRAND rate for Ericsson's standard essential patents. Ericsson argues that the court should order a separate trial of the FRAND claim on an accelerated basis and that resolution of the FRAND dispute might alleviate any need for the court to try all of the individual patent cases. Ericsson points to Fed. R. Civ. P. 42(b) and contends that the court has broad discretion to order a separate trial of any claim, cross-claim, counterclaim or separate issue in furtherance of convenience, to avoid prejudice, or when separate trials will be conducive to expedition and economy. Samsung opposes the motion and argues that the court should try the FRAND claim in conjunction with the first trial

of several of the patents.  On March 27, 2007, the court heard argument on Ericsson's motion.

>   Rule 42(b) provides:
>
>   The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b).  Separate trials are proper where the issues are clearly separable and can be tried separately without confusing the jury.  *Angelo v. Armstrong World Indus.*, 11 F.3d 957, 964-65 (10th Cir. 1993).  Separate trials are also proper where the controversy involves more than one cause of action or defense, and a separate trial might render trial of the other issues unnecessary.  *Jinro Am., Inc. v. Secure Invs.*, 266 F.3d 993, 998 (9th Cir. 2001).

Under these standards, the court concludes that a separate trial of the parties' breach of contract claims is proper.  Given the historical context of this case, the parties' primary dispute is over the appropriate terms of a FRAND license.  Although Samsung argues that the issues in the FRAND claims are not clearly separable from the patent issues, the only case law on the subject implicitly rejects this position.  In *Nokia Corp. v. Qualcomm, Inc.*, 2006 WL 2521328 (D. Del. Aug. 29, 2006), the court granted the plaintiff's motion to remand a case seeking declaratory relief and specific performance of a FRAND license agreement.  The issue in the case was whether the plaintiff's suit presented a substantial question of federal patent law such that it was removable under 28 U.S.C. § 1441.  The court reviewed the allegations and concluded that the case presented no substantial question of federal patent law.  The court granted the motion to remand the case to state court.

3

*Nokia Corp.* counsels the court to conclude that the issues are separable. If a FRAND dispute, standing alone, implicates no substantial question of federal patent law, it is difficult to understand how the issues in such a case could not be separated from the issues in a patent infringement case. The court therefore concludes that the issues are separable and rejects Samsung's argument to the contrary.

On a more fundamental level, Samsung questions the overall efficiency of Ericsson's proposed plan. Samsung contends that the scope of the issues proposed for the first trial is too narrow, and that no matter what the outcome, additional trials would be necessary to decide the infringement and validity issues relating to the non-essential patents. Relatedly, Samsung argues that once a FRAND royalty has been determined, each party may contest liability on a patent-by-patent basis and then take a FRAND license only under the patents for which it is held liable. Samsung also suggests that the court must first resolve issues related to a 1999 Ericsson-Qualcomm license because it purchases most of its WCDMA chipsets from Qualcomm. According to the argument, if Samsung prevails on its position that it is licensed under the Ericsson-Qualcomm license agreement, then that finding would relieve it from having to pay a FRAND license for Ericsson's WCDMA patents and the FRAND rate determined in the contract trial would need to be redetermined in a new trial.

The court is not persuaded. The historical facts underlying this case involve two very large telecommunication companies engaged in a licensing dispute. It may be that the outcome of the FRAND case does not resolve all of the parties' disputes in the present suit. Nevertheless, the possibility that resolution of the FRAND case might alleviate many of the primary differences between these two parties is sufficient to counsel the court that the terms and the purposes of Rule

42(b) are satisfied.  It must be remembered that Samsung initially injected the FRAND claim into the case as an affirmative claim and does not dispute that the FRAND claim must be resolved at some stage in this litigation.  The court finds that a separate trial of the parties' breach of contract claim "will be conducive to expedition and economy" and concludes that the plaintiff's motion is well-taken.

The court grants the plaintiff's motion for separate trial of the parties' breach of contract claims (#46).  The court sets the trial of those claims for jury selection on September 4, 2007, at 9:00 a.m. in Marshall, Texas.  The court stays the parties' patent infringement claims pending the disposition of the breach of contract claims.  The parties shall tender a proposed scheduling order to the court within seven (7) days from the date of this order.  Failing an agreed order, the parties shall submit competing proposals.  The court will thereupon issue an appropriate discovery order for the disposition of the contract claims.

SIGNED this 20th day of April, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE